```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

CURTIS R. CASPER, et. al.,      )
                                )
            Plaintiffs,         )
                                )
      v.                        )        1:20-cv-00942
                                )
GOVERNOR ROY ASBERRY COOPER     )
III, in his individual          )
capacity, et al.,               )
                                )
            Defendants.         )

## MEMORANDUM ORDER

Before the court is a motion, brought by Plaintiffs Curtis R. Casper, Danielle Casper, Child 1, and Child 2, to alter or amend the court's Memorandum Order dated March 23, 2022,[1] which dismissed Plaintiffs' federal law claims against almost all of the Defendants with prejudice (Doc. 33). (Docs. 35, 36).[2] Defendants North Carolina Governor Roy A. Cooper, III; Regina Ferebee; Eric A.

---

[1] Plaintiffs filed their motion to alter or amend the court's previous order on April 20, 2022. (Doc. 35.) But they failed to file a brief in support of their motion, contrary to Local Rule 7.3(j). On April 22, without withdrawing their first motion, Plaintiffs filed a separate motion and supporting brief. (Doc. 36; Doc. 36-2.) This second motion also attached a "Notice of Errata" (Doc 36-1), along with almost 300 pages of exhibits (Doc. 36-3). For the purposes of this order, the court will treat the second motion and its attachments as supplements to the first motion.

[2] Despite captioning their motion to include cases 1:20-cv-00942, 1:20-cv-00943, 1:20-cv-00951, and 1:20-cv-00953, Plaintiffs filed it only in case 1:20-cv-00942. (E.g., Doc. 36.) However, the court has not consolidated these cases (see Doc. 23 at 5 (consolidating the cases "for briefing purposes only" as to the pending motions to dismiss)) and published separate orders on the motions to dismiss in each case (see, e.g., Doc. 32 in case 1:20-cv-00953). Accordingly, the court will address Plaintiffs' motion only in the case in which it was filed - case 1:20-cv-00942. (See Doc. 33.)

Hooks; Kenneth Lassiter; Gary Junker; Frank L. Perry; Robert Kaldahl; George Solomon; W. David Guice; Felix Taylor; Colbert Respass; Fay D. Lassiter; Nicole Sullivan; Annie Harvey; Joseph Harrell; Marquis Betz; Karen Brown; Robert Leon; Jeffrey Baker; Richard Turner; Loris Sutton; Vivian Johnson; Thomas Ashley; Jermaine Griffin; William Davenport; Steven Gardner; Carlton Richardson; Leon Williams; Stephanie Freeman; Karen Steinour; Joe Prater; Tony Taylor; Tim Moose; Angela Sintef; Bill Stoval; and Jerry Carroll (the "Individual Defendants") filed a response in opposition. (Doc. 37.) For the reasons set forth below, the motion will be denied.

I. BACKGROUND

This case is one of eight actions that allege substantially similar claims, brought by the same attorneys, against the same Defendants, and arising from the same underlying occurrence. A more complete discussion of the underlying factual scenario alleged is set out in this court's prior opinion. Midgett v. Cooper, No. 1:20-CV-00941, 2021 WL 4973634 (M.D.N.C. Oct. 26, 2021). In short, all claims arise out of the deaths of four prison guards during an uprising and escape attempt at the North Carolina Department of Corrections Pasquotank Correctional Institution. Plaintiffs brought claims against thirty-six Defendants across two agencies and the State's executive branch (the Individual Defendants); and four inmate Defendants, Mikel E. Brady, II;

2

Wisezah D. Buckman; Seth J. Frazier; and Jonathan M. Monk.  The allegations in all the various complaints in these related cases are confused, inaccurate, and replete with persistent errors.  (See Doc. 33 at 4-5.)

The court previously stayed further briefing on the motion to dismiss pending resolution of a nearly, if not fully, identical motion in a related case arising from the same incident, Midgett v. Cooper, No. 1:20CV941.  On October 26, 2021, the court issued its ruling in that case, dismissing the claims of the Individual Defendants.  Midgett, 2021 WL 4973634.  Thereafter, the court lifted the stay to permit the parties to brief the pending motions. (Doc. 21.)  The Individual Defendants filed the briefing for their motion to dismiss on November 18, 2021, relying on the court's treatment of the related claims in the Midgett case and urging the same result of dismissal.  (Doc. 26.)  In disregard of the court's order and the local rules, Plaintiffs did not respond to the Individual Defendants' motions to dismiss.  Rather, Plaintiffs moved for permission to amend their complaint a second time. (Docs. 25, 28.)

The court granted the motion to dismiss on March 23, 2022. (Doc. 33.)  In doing so, the court also reviewed Plaintiffs' proposed second amended complaint under the motion to dismiss standard and denied the motion to amend as futile.  (Id.) See Stevenson v. City of Seat Pleasant, Maryland, 743 F.3d 411, 416

3

n.3 (4th Cir. 2014) (noting that even though a motion to dismiss is not challenged, the district court nevertheless has an obligation to review the motion to ensure that dismissal is proper); Katyle v. Penn National Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim . . . .").

In the present motion, Plaintiffs seek reconsideration of the court's order dismissing their federal claims against most (but not all) Defendants pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 36-2.) District courts have discretion to reconsider interlocutory orders until a final judgment is entered. Akeva, L.L.C. v. Adidas America, Inc., 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005); see also American Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted."). "Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions." Akeva, 385 F. Supp. 2d at 565.

**II. ANALYSIS**

Where an order is not final and does not resolve all claims, reconsideration of the interlocutory order is subject to the court's discretion under Federal Rule of Civil Procedure 54(b),

4

and not the heightened standards of Rules 59(e) or 60(b).[3] American Canoe, 326 F.3d at 514–15.  However, such standards "have evolved as a means of guiding that discretion." Id. at 515.  In exercising that discretion, "courts in this Circuit have frequently looked to the standards under Rule 59(e) for guidance in considering motions for reconsideration under Rule 54(b)." Hatch v. DeMayo, No. 1:16CV925, 2018 WL 6003548, at *1 (M.D.N.C. Nov. 15, 2018) (collecting cases).

Generally, courts will reconsider interlocutory rulings only when (1) there has been an intervening change in controlling law, (2) new evidence becomes available, or (3) the earlier decision was based on a clear error of law or would result in a manifest injustice. Akeva, 385 F. Supp. 2d at 566.  Such a motion allows a district court to correct its own errors, but it does not serve as a vehicle for a party to relitigate old matters or raise new arguments or legal theories that could have been raised previously. See Hatch, 2018 WL 6003548, at *1 (quoting South Carolina v. United States, 232 F. Supp. 3d 785, 793 (D.S.C. 2017)).  Consequently, a motion for reconsideration should not be based on evidence that was previously available. Boryan v. U.S., 884 F.2d 767, 771 (4th

---

[3] Here, the court's previous order did not resolve all claims, as the claims against Defendant Frazier remain.  (See Doc. 38 at 6, 30 (not recommending dismissal for lack of service as to Frazier as he filed an Answer to Plaintiffs' First Amended Complaint); Doc. 40 (adopting Magistrate Judge's Recommendation and dismissing the claims against Defendants Brady, Buckman, and Monk).)

5

Cir. 1989); see Slavin v. Imperial Parking (U.S.), LLC, No. CV PWG-16-2511, 2018 WL 337758, at *4 (D. Md. Jan. 9, 2018) (applying Boryan requirements in Rule 54 context), amended, No. CV PWG-16-2511, 2018 WL 826520 (D. Md. Feb. 9, 2018); I.P. by Newsome v. Pierce, No. 5:19-CV-228-M, 2020 WL 3405209, at *2 (E.D.N.C. June 19, 2020) (same). While the court's authority to reconsider interlocutory orders "may be tempered at times by concerns of finality and judicial economy," "[t]he ultimate responsibility of the federal courts . . . is to reach the correct judgment under law." American Canoe, 326 F.3d at 515.

Here, Plaintiffs "request that the Court amend its order to dismiss the claims *without prejudice* to allow Plaintiffs to amend their Complaint and serve the amendment complaint [sic] against these defendants." (Doc. 36.) Plaintiffs argue that "new information" has become available, namely a "Final Order" from the North Carolina Occupational Safety and Health Review Commission that lists "serious safety problems at the prison" where the uprising occurred. (Doc. 36-2 at 3-4.) Plaintiffs contend in conclusory fashion that dismissal would result in a manifest injustice in light of the new information. (Id. at 4-5.) They also attach various exhibits, arguing that this newly submitted Final Order "shows that the Individual Plaintiffs [sic] acted wantonly, recklessly, and intentionally." (Id.) Finally, Plaintiffs challenge what they characterize as "the Court's

6

diversion from its [ruling]" in Darden v. Cooper, No. 1:19CV1050, 2020 WL 5518508, at *4 (M.D.N.C. Sept. 14, 2020) (dismissing similar claims using the same template complaint brought by the same counsel in a related case arising from the same prison uprising for failure to allege a constitutional violation under 42 U.S.C. § 1983 because "[t]o support a due process violation in the context of voluntary employment with the government, it must be alleged that the government acted with an intent to harm"), by relying on the Fourth Circuit's recent decision in Howe v. Correction Enterprises, No. 20-2357, 2021 WL 5905716, at *1-2 (4th Cir. Dec. 14, 2021) (unpublished) (dismissing nearly identical substantive due process claims based on "affirmative acts," "shocks the conscience," and "failure-to-train" theories as barred by qualified immunity because "these theories likewise fail to demonstrate that the defendants in any way violated clearly established federal law").[4] (Doc. 36-2 at 5.) Plaintiffs assert that by referring to Howe, this court "impose[d] a different set of standards" when it dismissed the latest iteration of these claims. (Id.)

In response, the Individual Defendants argue that the court's dismissal of Plaintiffs' claims with prejudice was proper because

---

[4] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

7

"Plaintiffs have already had multiple opportunities to amend" but "were unable to state any legally viable claims."[5] (Doc 37 at 4-7.) The Individual Defendants also argue that Plaintiffs "have not presented a basis for altering or amending the judgment based on any new evidence" and that "Plaintiffs' counsel was or should have been aware" of such evidence previously. (Id. at 7-9.) The Individual Defendants further contend that dismissal is not manifestly unjust "due to the failure of Plaintiffs' legal theories, which recycled facts and legal arguments cannot correct." (Id. at 9-12.)

Plaintiffs' various arguments to alter or amend are unpersuasive. Whether to dismiss with prejudice under Federal Rule of Civil Procedure 12(b)(6) lies within the court's discretion. Carter v. Norfolk Community Hospital Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985). Throughout the course of these related actions, Plaintiffs have proffered cut-and-paste, copycat complaints spanning hundreds of pages. Plaintiffs' original complaint is a prolix 609 pages (see Doc. 1), and the first amended

---

[5] The Individual Defendants claim that "the Court should decline to consider the late-filed material" (Docs. 36) under Federal Rule of Civil Procedure 59 because the "second motion and the exhibits attached thereto were filed after the 28-day deadline." (Doc. 37 at 4-5 (citing Fed. R. Civ. P. 59(b).) As discussed supra, where an order is not final and does not resolve all claims, reconsideration of the interlocutory order is subject to the court's discretion under Federal Rule of Civil Procedure 54(b) and not the heightened standards of Rules 59(e) or 60(b). Because Plaintiffs fail to satisfy the lower burden under Rule 59(e), the court need not decide whether they pass muster under Rule 60(b).

8

complaint was "an extraordinary [513] pages long, which is wholly inconsistent with Federal Rule of Civil Procedure 8(a)(2)." See Midgett, 2021 WL 4973634, at *1 (describing the first amended complaint in a related case).  After Defendants moved to dismiss the first amended complaint, Plaintiffs elected not to respond to the motion but rather moved to file a 63-page proposed second amended complaint (Doc. 25-1), only to thereafter seek leave to file a 79-page version of yet another amended complaint (Doc. 28-2), which the court denied on grounds of futility (Doc. 33).  It is important to emphasize that these eight related actions are a subsequent iteration of a previously-filed action involving the same incident and many of the same parties, which this court dismissed on grounds of sovereign immunity and failure to allege a constitutional violation under § 1983.  See Darden, 2020 WL 5518508, at *4.

Despite ample opportunity, Plaintiffs have repeatedly failed to allege plausible § 1983 claims against the numerous Individual Defendants.  Quite simply, given Plaintiffs' previous failed attempts to articulate a cognizable claim, the court cannot discern how Plaintiffs could correct the pleading defects discussed in the court's previous orders as Plaintiffs continue to attempt to proceed under a theory of liability predicated on § 1983.  (See, e.g., Docs. 23, 33; see also generally Docs. 1, 8, 28-2.) Accordingly, dismissal of Plaintiffs' first amended complaint with

9

prejudice is warranted.  See Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 630 (4th Cir. 2008) (affirming district court's dismissal with prejudice when "it [was] clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability").  Additionally, as discussed above, the pleading in all the various complaints in these related cases has been confused, grossly inaccurate, and replete with persistent fundamental errors.  (See Doc. 33 at 4-5.)  Thus, "Plaintiffs' . . . history of deliberately proceeding in a dilatory fashion, also counsels in favor of dismissal."  (See Doc. 38 at 14 n.14 (Auld, M.J.) (internal citation omitted).)

Moreover, Plaintiffs' "new information" does not alter the court's previous order.  Plaintiffs seek to rely on a decision of the North Carolina Occupational Safety and Health Review Commission issued July 14, 2021, which Plaintiffs characterize as listing "serious safety problems at the prison."  (Doc. 36-2 at 3.)  Plaintiffs contend they "only recently were able to obtain a copy of the Final Order and supporting documents through a formal request submitted to the North Carolina Department of Labor."  (Id. at 4.)  But the decision is a public document, and Plaintiffs do not explain why they were unable to obtain a copy before now – only that they did not do so.  See Boryan, 884 F.2d at 771-72 (affirming denial of Rule 59(e) motion where the new evidence "could have been discovered with due diligence prior to judgment").

Even assuming the court should consider such evidence at this stage, the Individual Defendants correctly point out that the information "does not establish an intent to harm the plaintiffs by any Individual Defendant[]; nor does it overcome qualified immunity." (Doc. 37 at 10; see Doc. 33 at 12-13 (explaining that "[t]o support a due process violation in the context of voluntary employment with the government, it must be alleged that the government acted with an intent to harm" (quoting Darden, 2020 WL 5518508, at *4).) Thus, Plaintiffs' new information does not alter the court's prior dismissal order.

Finally, Plaintiffs claim that this court's cite to Howe, 2021 WL 5905716, "impose[d] a different set of standards" when the court dismissed the latest iteration of these claims as futile. (Doc. 36-2 at 5 (citing Darden, 2020 WL 5518508).) However, this citation was in the court's alternative holding that Plaintiffs' claims fail to overcome qualified immunity. (See Doc. 33 at 13-14.) The court's holding explicitly relied upon Darden, 2020 WL 5518508, in concluding that "[Plaintiffs'] substantive due process claims are not cognizable given the voluntary employment context" and a failure to allege an intent to harm. (See Doc. 33 at 12-13 (citing Darden, 2020 WL 5518508, at *4).) In any event, Plaintiffs do not explain, nor can the court readily discern, how Plaintiffs would "distinguish" a case arising from the same underlying event with substantially similar legal claims. See generally Howe, 2021

11

WL 5905716 ("Geoffrey Howe, an employee at [Pasquotank Correctional Institution] in North Carolina, was murdered by four inmates during their attempted escape. . . . In addition to three state-law claims, [plaintiff] brought three claims under 42 U.S.C. § 1983, alleging that the defendants had violated substantive due process."). Accordingly, the court declines to alter its previous order.

## III. CONCLUSION

For the reasons stated, therefore,

IT IS ORDERED that Plaintiffs' supplemented motion to alter or amend the court's previous dismissal order (Docs. 35, 36) is DENIED.

/s/   Thomas D. Schroeder  
United States District Judge

August 19, 2022

12

Case 1:20-cv-00942-TDS-LPA   Document 43   Filed 08/22/22   Page 12 of 12